IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LOCKHART,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>TONY HEDGPETH, Warden,<br><br>　　　　Respondent. | No. C 08-2935 JSW (PR)<br><br>**ORDER GRANTING STAY OF PETITION**<br><br>(Docket No. 22) |

　　　　Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. Respondent has filed an answer to the petition and petitioner filed a traverse. Petitioner then filed a "notice of abandonment" of the petition. In this document, petitioner states that he has discovered a new claim that he wishes to exhaust in state courts before adding it to the claims to be considered by this Court. Petitioner requests that the petition be dismissed "without prejudice" to his returning to federal court once the new claim has been exhausted. While petitioner may voluntarily dismiss a petition at any time under Rule 41 of the Federal Rules of Civil Procedure, if this action is dismissed, a future petition filed by him may be barred by the one-year statute of limitations applicable to federal habeas petitions. *See* 28 U.S.C. § 2244. The United States Supreme Court has held that district courts have authority to stay petitions to allow

1  exhaustion of unexhausted claims.  *Rhines v. Webber*, 125 S.Ct. 1528, 1535 (2005).  The
2  Court construes petitioner's request as a request for a stay of his petition while he exhausts
3  his newly-discovered claim in the state courts.

4       A stay can only be granted upon a showing of good cause for petitioner's failure to
5  exhaust the issues before filing the federal petition, and a showing that the issues which the
6  petitioner proposes to exhaust are "potentially meritorious."  *Id.*  As to good cause,
7  petitioner contends that the claim did not arise until the respondent submitted the answer to
8  the instant petition.  The Supreme Court has recognized that this situation with regard to
9  exhaustion constitutes good cause for a stay.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 416
10 (2005) (prisoners who may run the risk of having the federal statute of limitations expire
11 while they are exhausting their state remedies may avoid this predicament "by filing a
12 'protective' petition in federal court and asking the federal court to stay and abey the
13 federal habeas proceedings until state remedies are exhausted.").  And the claim petitioner
14 wishes to exhaust involves cognizable federal claims, so are "potentially meritorious."
15 This a stay is GRANTED, and this case is STAYED to allow petitioner to present his
16 unexhausted issues in state court, presumably by way of state petitions for habeas corpus.
17 If petitioner is not granted relief in state court, he may return to this court and ask that the
18 stay be lifted.  He must file a request to lift the stay, as well as an amended petition
19 including any newly exhausted claims, within thirty days of the date of state supreme
20 court's decision on such claims.

21      <u>If petitioner wants to have this case dismissed instead of stayed, petitioner shall file
22 a promptly file a motion for voluntary dismissal in this matter.</u>

23      The Clerk shall administratively close this matter and terminate docket number 22.

24      IT IS SO ORDERED.

25 DATED:  January 12, 2011

*Jeffrey S. White*
_____
JEFFREY S. WHITE
United States District Judge

2

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

ERIC LOCKHART,

        Plaintiff,

  v.

TONY HEDGPETH et al,

        Defendant.

                                    /

Case Number: CV08-02935 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric Lockhart V-17246
P.O. Box 290066
Represa, CA 95671-0066

Dated: January 12, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk